CHARLES S. SPROUL, PLAINTIFF, v. JOHN P. LLOYD, DEFENDANT.

Submitted July 7, 1921—Decided December 22, 1921.

1. An attorney has no authority, merely because he has been employed as solicitor in a foreclosure suit, to bid on the property at the sheriff's sale in the name of his client, and he cannot bind the latter by doing so unless he has specific authority from him to purchase.

2. Where a person accepts the benefit of a contract of purchase which was made for him by his attorney, without his authority, he ratifies the act and thereby establishes the attorney's authority to make the contract as effectually as if that authority had been expressly conferred.

3. In an action brought to recover damages from an attorney, upon the theory that because the attorney bought in a property under foreclosure at a larger price than he was authorized to bid, the plaintiff should recover the difference between the amount authorized to be bid and the amount of a judgment for a deficiency. On the assumption that such theory is sound, it must be shown by proof that the mortgagor was financially responsible and able to respond to a judgment for such deficiency; and in the absence of such proof, only nominal damages could be recovered.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the rule, *Edmund Wilson.*

*Contra, Thomas P. Fay.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The plaintiff by this action sought to recover from the defendant compensation for the pecuniary damage suffered by him through the failure of the defendant to obey certain instructions given to him as attorney.   The trial resulted in a verdict in favor of the plaintiff, and the question for present determination is whether that verdict can be justified under the facts.

The proofs showed that the defendant was employed by the plaintiff as his solicitor for the purpose of foreclosing a mortgage upon property located at Long Branch.   The foreclosure was prosecuted to final decree, and the amount adjudged to be due thereon was $4,665.50.   A writ of *fieri facias* was issued on the decree, and the property was advertised for sale by the sheriff.   The plaintiff was unable to attend this sale, and instructed the defendant, as his attorney, to bid upon the

property in his name, fixing the limit beyond which the attorney was forbidden to go at $2,500. When the mortgaged premises were put up for sale one of the defendants in the foreclosure suit bid $4,400, and the property was thereupon struck off to him. He, however, was unable to pay the required deposit, and for this reason the sheriff refused to recognize the validity of the bid. The defendant, after some conversation with the bidder, and with his consent, suggested to the sheriff that he should accept $4,000 as the plaintiff's bid and strike the property off to the latter at that sum. This the sheriff did, and afterwards executed and tendered to the plaintiff a deed for the property, the consideration for which was stated to be $4,000. The plaintiff accepted the deed and subsequently sold the property for $2,400. He then brought this suit, claiming that by reason of the violation of his orders by the defendant he had lost $1,500, that being the difference between the sum fixed by him as the limit beyond which the defendant should not go in bidding at the foreclosure sale and the amount at which the property was struck off by the sheriff on the defendant's bid as the plaintiff's representative. The theory upon which the plaintiff rests his claim is that by the defendant's conduct he. the plaintiff, was barred from recovering in a suit against the mortgagor the deficiency for which the latter would have been liable in case the defendant had not violated his instructions.

We are asked to determine whether on the facts recited (and they are all of the material facts in the case) the plaintiff's claim can be sustained. We think not. The defendant had no authority, merely because he had been employed as solicitor in the foreclosure suit, to bid on the property at the sheriff's sale in the name of his client, and he could not bind the latter in purchasing the property unless he had specific authority to purchase. In the present case the authority conferred upon him was limited, and when he disregarded the limitation imposed upon him by his client he ceased to represent him in the transaction. Plaintiff, therefore, was under no obligation to accept a deed for the mortgaged premises from the sheriff at the price at which they were struck off.

He had a right, when the deed was tendered to him, to repudiate the act of the solicitor and refuse to accept the deed, but instead of doing this he accepted the deed, and thereby admitted to the sheriff that he was in fact the purchaser. In other words, he accepted the benefit of the contract which was made for him by the defendant, although it was not binding on him because of the defendant's lack of authority to make it. By adopting this course he ratified the act of his solicitor, for it is entirely settled that when a person accepts a contract made for him which is not binding on him, because the one who made it acted without authority in the premises, he adopts the act of the agent and thereby establishes the latter's authority to make the contract as effectually as if that authority had been expressly conferred. *Lindley* v. *Keim,* 54 *N. J. Eq.* 422; *Looschen Piano Case Co.* v. *Sleinberg,* 76 *N. J. L.* 130; *Bodine* v. *Berg,* 82 *Id.* 662, 669.

The plaintiff, having treated the contract for the purchase of the mortgaged premises as his own, and having himself executed it by accepting the deed from the sheriff and paying the purchase price by permitting the amount of the bid to be credited as a satisfaction *pro tanto* of the foreclosure decree, stands in the same position, under the rule recited, as if he had originally authorized the defendant to bid at the sheriff's sale the amount at which the property was finally struck off; and there is consequently no legal liability resting upon the defendant to satisfy the claim now made against him.

There is another reason why this verdict cannot be sustained. It is based upon the theory that the plaintiff suffered a money loss measured by the difference between the amount of the bid originally authorized and the amount of a judgment for deficiency which he would have been able to recover against the mortgagor in case the defendant had adhered to his instructions. But, assuming the existence of liability, whether any such loss was in fact sustained would depend altogether upon the pecuniary responsibility of the mortgagor in the foreclosure suit. The mere recovery of a judgment for deficiency against the latter would not have resulted in any benefit to the plaintiff unless the mortgagor was able to

respond to that judgment and pay it. But whether he was or not the proofs in the present case fail to disclose. For aught that appeared to the contrary, the mortgagor at the time of the foreclosure sale and from thence until the time of the trial of the present case may have been absolutely irresponsible financially, and a judgment for deficiency worth no more than the paper upon which it was engrossed. In this situation it was impossible for the jury to say from the evidence whether the loss sustained by the plaintiff was anything more than merely nominal, and a verdict, therefore, for the full amount of the plaintiff's claim was without legal support.

The rule to show cause will be made absolute.