JULIUS G. FABRY AND EDWARD W. SPECTOR, RESPONDENTS, v. FREDERICK JAY, APPELLANT.

Argued February 8, 1928—Decided May 14, 1928.

For the appellant, *Benjamin M. Weinberg.*

For the respondents, *Koehler & Augenblick.*

The opinion of the court was delivered by

LLOYD, J. Appellant is an attorney at law in this state and the respondents have a judgment against him for damages based on his alleged negligence in advising them that a certain contract for the sale of real estate which the plaintiffs were about to take over by assignment was a legal, valid and enforceable contract under the laws of New Jersey, while in fact the contract was not an enforceable one.

Appealing from the judgment, appellant urges that the court should have controlled the case by granting the defendant's motion for nonsuit or a motion for a direction of a verdict in his favor; that it erred in refusing a request to charge respecting damages and in a portion of the charge itself.

The case made by the plaintiffs was that one Holzhauer held a contract with the owners, I. B. Osborn and his wife, Carrie, for the purchase by Holzhauer of certain lots of land in Ocean county on which the sum of $600 had been paid. This contract was assigned by Holzhauer to the plaintiffs, they paying therefor $2,100 representing an advance of $1,500 over the purchase price, together with the sum of $600 already paid to the vendors.

The plaintiffs' proofs established that before taking the assignment they employed Jay to represent them in the transaction. He assured them that the contract was a good and enforceable one and that by it they would secure the property. For reasons which it is unnecessary to state the contract was unenforceable and the vendors refused to convey. Plaintiffs then brought the present action against Jay to recover the loss alleged to have been sustained through the wrongful advice received, alleging that such advice was negligently given.

The ground urged for a nonsuit and for the direction of a verdict in favor of the defendant was that the representa-

tions and assurances given to the plaintiffs were not that the plaintiffs could secure the property through purchasing the contract, but that they would have a contract giving them a right of action for damages against the vendors in the event that the latter should refuse to convey. This construction of the language used by the defendant is not tenable. If the testimony given by the plaintiffs is believed, as it was by the jury, it justified the conclusion that the assurances given to the plaintiffs were, in effect, that they would receive the property by purchasing the contract in question. That this was in the minds of the parties is clearly evinced by defendant's statement to the plaintiffs: "You leave it to me and I will see that you get a good contract and that you get the property."

It is next urged that the court erred in denying an instruction to the jury that the verdict if in favor of plaintiffs must be limited to nominal damages. The request was predicated on a theory that the plaintiffs had proven no substantial damages. This contention is unsound. On the assurance given to the plaintiffs that by purchasing the Holzhauer agreement they could secure the property plaintiffs paid the down money and the advance price of $1,500. They are, however, unable to get the property and stand to lose the moneys paid for the agreement. But it is suggested that plaintiffs still hold the asignment and the agreement and have an action for damages against the Osborns for breach of contract, and that until this remedy is exhausted their damages are undetermined. It is sufficient to say in answer to this contention that the assurances given by defendant to the plaintiffs were not of a right of action for damages, but that they would acquire a specific property, and for this latter purpose the agreement is valueless in their hands. The consideration paid Holzhauer for the assignment on defendant's advice, therefore, becomes the measure of damages, and for this sum the jury, finding in favor of the plaintiffs on the question of liability, properly rendered its verdict. Whether plaintiffs have other rights by virtue of the agreement and its assignment is beside the present question, and whether

upon payment of the judgment defendant is entitled to be subrogated to such rights it is not necessary now to decide.

The final contention that the learned trial judge in defining the plaintiffs' rights as against the Osborns injected into the case a foreign issue prejudicial to the defendant is without merit and calls for no special comment.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BLACK, KATZENBACH, CAMPBELL, LLOYD, McGLENNON, DEAR, JJ.  9.

*For reversal*—PARKER, KALISCH, WHITE, VAN BUSKIRK, KAYS, HETFIELD, JJ.  6.