**Linda A. SMITH, Plaintiff,**

v.

**Mabel D. HADEN, Defendant.**

**Civ. A. No. 92–1899 (PLF).**

United States District Court,
District of Columbia.

Oct. 14, 1994.

James G. Kolb, Washington, DC, for plaintiff.

Dwight D. Murray, Washington, DC, for defendant.

### MEMORANDUM OPINION

FRIEDMAN, District Judge.

This is a legal malpractice action that is scheduled for trial before the Court beginning on Monday, October 17, 1994. Plaintiff claims that she timely employed Defendant, a lawyer, to file a civil action against Javis Odom in Anchorage, Alaska, but that Defendant failed to file the action prior to the running of the applicable statute of limitations, thus breaching her duty to Plaintiff. Plaintiff further claims that Defendant's breach of duty was the proximate cause of her losing an opportunity to recover in a suit against Mr. Odom. The issue before the Court, which both parties agree must be decided in advance of trial, is whether, in a legal malpractice case, the Plaintiff or the Defendant has the burden of proving collectibility or non-collectibility of the lost judgment. The Court concludes that the burden is on Defendant to prove non-collectibility.

In a legal malpractice case in the District of Columbia the plaintiff bears the burden of presenting evidence establishing that the parties entered into an attorney-client relationship, what the applicable standard of care is, that the standard of care has been violated by the defendant-lawyer, and that there was a causal relationship, or proximate cause, between the violation and the harm complained of—in this case, the loss of a judgment in some sum against Mr. Odom. *See Battle v. Thornton,* 646 A.2d 315, (D.C. 1994), *citing O'Neil v. Bergan,* 452 A.2d 337, 341 (D.C.1982); *Morrison v. McNamara,* 407 A.2d 555, 560 (D.C.1979). To show that the negligence was the proximate cause of the injury, Plaintiff must show that she had a good cause of action against the party she wished to sue; otherwise, the plaintiff "loses nothing by the conduct of his attorney even though the latter was guilty of gross negligence." *Niosi v. Aiello,* 69 A.2d 57, 60 (D.C. 1949).

■ Collectibility is not a specific element of a legal malpractice claim in the District of Columbia. The courts of the District of Columbia have never addressed whether the issue of collectibility should be part of a legal malpractice case and, if so, who bears the burden of demonstrating collectibility or non-collectibility. As the parties point out, the courts in other jurisdictions are split on this issue.

Those courts that place the burden of proving collectibility on the plaintiff have reasoned that the issue of collectibility is closely related to the issue of proximate cause, on which the plaintiff clearly bears the burden. Those courts have concluded that a plaintiff must demonstrate that if defendant-lawyer had timely brought a case on behalf of plaintiff the plaintiff would have succeeded on the merits in the underlying case *and* would have succeeded in collecting on the resulting judgment, because only then would plaintiff have proven that the lawyer's malfeasance was the proximate cause of plaintiff's loss. *Graefe v. Connolly*, 1987 WL 4854 1987 U.S.Dist. LEXIS 4077 (N.D.Ill.1987); *Sitton v. Clements*, 257 F.Supp. 63, 67 (E.D.Tenn.1966). Some courts have explained that, in a legal malpractice case, plaintiff necessarily must prove a "case within a case," that is, plaintiff must demonstrate that, had the lawyer acted in a timely manner, the plaintiff would have succeeded in the underlying lawsuit *and,* as part of the malpractice suit, plaintiff therefore must also prove that the underlying judgment was collectible. *McDow v. Dixon*, 138 Ga.App. 338, 226 S.E.2d 145 (1976).

The Court does not find this line of reasoning persuasive. While Plaintiff does have to prove a "case within a case," in that she must show that she had a good cause of action against the party she wished to sue in the underlying case, *Niosi v. Aiello*, 69 A.2d at 60, it does not logically follow that she must also prove that if she had obtained a judgment it would have been collectible. In a normal civil lawsuit, such as the one Plaintiff alleges she proposed bringing against Mr. Odom, a plaintiff must prove each required element to make out a case against the defendant in order to obtain a judgment. It is not necessary to demonstrate that plaintiff will successfully be able to execute on the judgment or that the judgment is collectible. Normally, enforcement of the judgment remains for another day. In a legal malpractice action alleging that an attorney failed to timely file suit, a plaintiff is required only to prove the loss of a judgment on a valid claim.

To also require a plaintiff to show the degree of collectibility of a judgment in a legal malpractice case is subject to criticism on several grounds. For example, it wholly ignores the possibility of a settlement between plaintiff and the potential defendant, either before or after judgment, which may be encouraged by active litigation of a claim. *Gautam v. DeLuca*, 215 N.J.Super. 388, 521 A.2d 1343, 1348 (App.Div.1987). In addition, the passage of time itself can be a significant factor militating either for or against the collectibility of a judgment. It is not without significance that a judgment is valid for many years. *See Hoppe v. Ranzini*, 158 N.J.Super. 158, 385 A.2d 913, 919 (App.Div. 1978). In this case, for example, it may be that Mr. Odom's financial situation has improved since he declared bankruptcy or that, as Plaintiff suggests, as a matter of law Plaintiff's judgment would not be a dischargeable debt, thereby giving Plaintiff a preference over a discharge creditor whose debt has been reaffirmed. Finally, having a factfinder (whether judge or jury) render a judgment on the merits in one's favor is itself a vindication of the legitimacy of the claim, and has value regardless of whether it is wholly collectible.

In addition, placing the burden on a plaintiff to prove collectibility would be unfairly burdensome, particularly when a legal malpractice suit is often brought years after the underlying events and when the delay by the plaintiff in bringing such a suit is because of the defendant-lawyer's failure to act in a timely manner in the first place. The fairer approach is to wait until after malpractice has been proven and then to impose on the negligent attorney the burden of going forward with evidence to show that the damages imposed could not in fact have been recovered from the wrongdoer in the original case. *Jenkins v. St. Paul Fire & Marine Insur-*

*ance Co.*, 422 So.2d 1109, 1110 (La.1982); *cf. Winter v. Brown*, 365 A.2d 381, 385 (D.C. 1976). It seems more logical to treat uncollectibility of a judgment "as a matter constituting an avoidance or mitigation of the consequences of one's negligent act," rather than as a matter of required proof for the one asserting the negligence; it therefore "must be pleaded and proved by the defendant." *Jourdain v. Dineen*, 527 A.2d 1304, 1306 (Me.1987). As the Supreme Court of Louisiana has stated, "a rule which requires the client to prove the amount of damages by trying the 'case within a case' simply imposes too great a standard of certainty of proof." *Jenkins v. St. Paul Fire & Marine Insurance Co.*, 422 So.2d at 1110. Uncollectibility, logically, is an affirmative defense that must be proved by the defendant. *Jourdain v. Dineen*, 527 A.2d at 1306; *see Hoppe v. Ranzini*, 385 A.2d at 920.

For all of these reasons and in the absence of any law in the District of Columbia to the contrary, the Court concludes that it is more rationale and fairer to put the burden on Defendant to prove non-collectibility than on the Plaintiff to prove collectibility in her case in chief.