In re Garth E. McGILLEWIE and Cynthia J. McGillewie, and Hydra Machinery Company, Inc.,

Garth E. McGILLEWIE and Cynthia J. McGillewie, Debtors in possession, Plaintiff,

v.

PARKER, POE, ADAMS & BERNSTEIN, f/k/a Parker, Poe, Thompson, Bernstein, Gage & Preston, a North Carolina General Partnership, Defendant.

3:93CV0090MU.

United States District Court, W.D. North Carolina, Charlotte Division.

Feb. 16, 1995.

Norman B. Smith, Seth R. Cohen, Smith, Follin & James, Greensboro, NC, for Garth E. McGillewie.

Norman B. Smith, Seth R. Cohen, Smith, Follin & James, Greensboro, NC, for Cynthia J. McGillewie.

Cynthia J. McGillewie, Lake Wylie, SC, pro se.

Garth E. McGillewie, Lake Wylie, SC, pro se.

C. Ralph Kinsey, Jr., Underwood, Kinsey, Warren & Tucker, Charlotte, NC, for Parker, Poe, Adams & Bernstein f/k/a Parker, Poe, Thompson, Bernstein, Gage & Preston, a North Carolina General Partnership.

## ORDER

MULLEN, District Judge.

**THIS MATTER** comes to the court upon Defendant's motion for summary judgment, filed February 16, 1995.

## FACTUAL AND PROCEDURAL HISTORY

In July of 1987, Plaintiff Hydra Machinery Company ("Hydra") employed Defendant Parker, Poe, Adams & Bernstein ("Defendant") for legal representation in a dispute involving Moog Maschinenvertrieb ("Moog"). On October 15, 1987, a Mecklenburg County Superior Court Judge entered a default judgment, finding Moog liable to Hydra in the amount of $1,183,266.00. When Hydra attempted to enforce the judgment in Minnesota, however, a Minnesota court found that the complaint was improperly served and vacated the default judgment.

On October 30, 1992, Plaintiffs instituted a legal malpractice action against Defendant. The complaint, which has since been amended, alleges that Defendant was negligent in failing to serve Moog pursuant to the Hague Service Convention and in failing to name the proper Defendant. Plaintiffs claim that the named defendant, Moog Maschinenvertrieb, was a trade name, and that Alfons Moog d/b/a Moog Maschinenvertrieb should have been named as the defendant.

On February 16, 1995, Defendant filed a motion for summary judgment, asserting five different grounds upon which summary judgment should be granted. Thereafter, on July 25, 1995, this court entered an order denying Defendant's motion for summary judgment on three of the grounds asserted by Defendant. On September 28, 1995, the court entertained oral arguments on the final two issues raised by Defendant in its motion for summary judgment—that is, (1) whether Plaintiffs can prove Moog was a nonjural entity at the time Defendant filed suit on

behalf of Plaintiffs; and (2) whether Plaintiffs can prove that they would have collected a judgment against Moog in the absence of Defendant's negligence. These two issues are now ripe for adjudication.

## ANALYSIS

### I. Legal Standard

 Federal Rule of Civil Procedure 56 provides that summary judgment shall be entered where the record shows there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Only disputes over facts that "affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is a dispute as to a material fact where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In determining whether summary judgment is proper, "the evidence must be viewed in a light most favorable to the nonmovant and all reasonable inferences must be drawn in the nonmovant's favor." *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1560 (Fed.Cir.1988) (citations omitted).

### II. Nonjural Entity

 Defendant contends that Plaintiffs' claim that Defendant sued a nonjural entity must fail as a matter of law because Plaintiffs have no evidence that Moog was not a West German entity on the date the complaint was filed on behalf of Plaintiffs. The court is inclined to agree. Plaintiffs have admitted that they cannot identify any person with personal knowledge that, in August 1985, Alfons Moog did business under the name Moog Maschinenvertrieb, an unincorporated unregistered entity under West German law. Plaintiffs sole evidence on the nonjural entity issue is a document from a German Commercial Register which contains information that Moog was registered as a limited liability company on October 8, 1987. This document is not sufficient to establish by a preponderance of the evidence that Defendant sued a nonjural entity on behalf of Plaintiff. Conse-

quently, Defendant is entitled to summary judgment on Plaintiffs' nonjural entity claim.

## III. Collectability of Judgment

 Next, Defendant claims it is entitled to summary judgment because Plaintiffs cannot prove that they would have collected a judgment against Moog. In a legal malpractice lawsuit, a Plaintiff must not only prove that the Defendant was negligent, but must also show that it would have won its underlying case and *would have been able to collect damages. See Rorrer v. Cooke,* 329 S.E.2d 355, 369 (N.C.1985) (emphasis added).

 In reviewing the evidence on collectability in the instant case, it appears that Plaintiffs have admitted that they have no information concerning any garnishable assets of Moog located in the United States during the relevant time period. In an attempt to establish collectability, Plaintiffs have produced a Dunn & Bradstreet Information Report on Moog GmbH Bruckenuntersichtsgerate und Hocharbeitsbuhen, a German company in which Alfons Moog is a director, partner and sole principal. This report, however, provides little or no support for Plaintiffs' claim since the report is on the alleged successor by corporate merger to Moog GmbH, rather than Moog GmbH itself. Plaintiffs have produced no evidence to support a conclusion that the assets of this entity would have been subject to collection based upon a judgment against Moog. In any event, it appears that the information contained in the Dunn & Bradstreet report is inadmissible hearsay. Plaintiffs simply lack sufficient evidence for a reasonable jury to conclude that they would have been able to collect damages against Moog.

Trying to avoid their responsibility of establishing collectability, Plaintiffs argue that the burden of proof on collectability should be shifted to Defendant—that is, Defendant should be required to come forward with some evidence of non-collectability.[1] Unfortunately for Plaintiffs, this proposition is flatly foreclosed by North Carolina law. Since the North Carolina Supreme Court has clearly articulated the law concerning the burden of proof in legal malpractice cases, it is neither this court's duty nor province to change the law.

In a last ditch effort, Plaintiffs argue that equitable estoppel should be applied to relieve them of their duty of proving collectability. Remarkably, Plaintiffs estoppel argument is made without citing a single North Carolina case which has allowed the burden of proof on collectability in a legal malpractice action to be relieved from the plaintiff. This court does not believe that equitable estoppel is appropriate under the circumstances of this case. Consequently, Defendant is entitled to summary judgment in its favor.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment is **GRANTED.**

---

1. Plaintiffs note the approach suggested by the District of Columbia. *See Smith v. Haden,* 868 F.Supp. 1 (D.D.C.1994).