The validity of the agreement under which the defendant obtained the discharge of the bond and mortgage for $3,000, is not in question in this case. The action is not brought for the purpose of annulling or rescinding the contract, or recovering back the consideration, but for the enforcement of the contract and the recovery of damages for its alleged breach. Various breaches are set out in the complaint, *Page 419 
and damages therefor to the amount of $20,000 are demanded. The plaintiff holds the defendant to his engagement, and claims from him damages for its non-performance to a much larger amount than the consideration which the defendant received for his undertaking. This claim necessarily affirms the contract, and concedes the right of the defendant to retain the consideration. Whatever we may think of the propriety of the original arrangement, we are compelled, in obedience to well settled rules of law, to hold that in such an action the onus is upon the plaintiff to prove the breach of the agreement and the amount of damages sustained by reason thereof, and that she can recover only the damages thus proved. The court, at the trial, reversed this order of proceeding and held that the plaintiff was entitled to recover back the consideration, less such sum as the defendant should prove to be the value of the services actually rendered by him under the agreement. We think that this was an erroneous view of the case, and it necessarily follows that we must reverse the judgment.
If regarded as an action ex delicto, for the breach by an attorney of his professional duty, the same result must follow. The measure of damages is not the amount of the fee which he received. The damages may be more or less than the amount of the fee, and the burden rests upon the plaintiff to prove them, and not upon the defendant to prove how much of his stipulated fee he actually earned.
These points are sufficiently raised by the exceptions, and we must, therefore, reverse the judgment and direct a new trial, with costs to abide the event.
All concur except GROVER, J., not voting.
Judgment reversed. *Page 420