Opinion by
Hurt, J.

(Transferred from Austin.J

§ 373. Charge of the court; requested charge properly refused, when; case stated. Appellee recovered a judgment against appellant for the value of a mare alleged to have been killed by appellant’s engine and cars. There was evidence tending to show that the mare was diseased, and that her death was caused by disease or from falling in the railroad nut, or from both disease and a fall. Upon this subject the court charged the jury: “That the burden is upon the plaintiff to show that the defendant killed said mare, and its market value.” Defendant requested the court to charge as follows: “If you believe, from the evidence, that plaintiff’s mare died from disease, or from falling down an embankment, or from both of such causes, you will find for the defendant.” This charge was refused. Held: The jury having been told that the burden was upon plaintiff to prove that defendant killed the mare, of course, if they believe she died from disease, or a fall, or any other cause, they would not believe that defendant killed her, and would of necessity find for defendant. No juror could misunderstand the charge of the court in this particular. The requested charge would not have given to the jury any more light, as to their duty upon this point, than the charge which was given, and hence appellant’s rights were not injured by this action of the court.
§ 374. Liability of railroads for stock killed, etc.; negligence; duty to fence road. The mare was killed within the limits of an incorporated city, but at a place *325 where there was no street, alley or public square. Held: When an animal is killed by the locomotive or cars of a , railroad company, the owner of such animal is entitled to recover its value without proving negligence on the part of the company or its servants, unless the company has its road fenced, if it be not unlawful to fence it at that place. A failure to fence, where it is not unlawful to do so, is, of itself, such negligence as will niake the company liable. When the injury is shown, it devolves upon the company, in order to avoid liability therefor, to show that it has built and maintained on both sides of its road, wherever it may lawfully do so, a fence sufficient to turn stock. If, therefore, there was not a fence at the point at which the mare was killed, the burden was upon the company to show that it could not lawfully have placed a fence there. Nor will proof that the injury occurred in an incorporated city discharge this burden. Some of our cities spread over vast wastes of country, quite beyond the squaies, streets or alleys. Appellant made no effort to discharge this burden, and the evidence is quite conclusive that there was nothing to prevént the erection of a fence at the place on the road where the mare was killed. Under this state of case, the court did not err in omitting in its charge any mention of negligence.
October 25, 1884
§ 375. Argument of counsel; improper; not ground for reversal, when. The remarks of counsel for appellee, as shown by the bill of exceptions, were improper; but when called to the attention of the court, the jury were told by the court to disregard the same, and furthermore they were not promptly excepted to at the time, and are not considered such error, under the circumstances, as require a reversal of the judgment.
Affirmed.