HENRY W. VOOTH, Respondent, *v.* JAMES C. McEACHEN,
Appellant.

ATTORNEY AND CLIENT — UNAUTHORIZED SETTLEMENT OF CLAIM FOR
LESS THAN ITS FACE VALUE BY ATTORNEY — MEASURE OF DAMAGES.   In
an action against an attorney for a willful violation of duty in settling a claim
against an estate for less than its face value without authority, the plain-
tiff must establish that the settlement was unauthorized, the validity of
the claim, and that it was worth more than the amount collected thereon.
An instruction to the jury, therefore, that "when negligence has been
proved, if you find there was any, in consequence of which a client has
lost his case, it is not incumbent upon the client to show that but for the
negligence, he would have succeeded in that action," is erroneous in that

i. submitted the case upon a wrong theory and authorized the adoption of a wrong measure of damages.

*Vooth* v. *McEachen*, 91 App. Div. 30, reversed.

(Argued February 1, 1905; decided February 21, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 18, 1904, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Abram I. Elkus, Carlisle J. Gleason* and *Melville H. Cane* for appellant. The trial court committed reversible error on the question of damages. (3 Am. & Eng. Ency. of Law, 391; *Staples* v. *Staples*, 85 Va. 76; *Spiller* v. *Davidson*, 4 La. Ann. 171; *Nesbet* v. *Lawson*, 1 Ga. 275; *Palmer* v. *Ashley*, 3 Ark. 75; *Collier* v. *Pulliam*, 13 Lea [Tenn.], 118; *Hoover* v. *Shackleford*, 23 Miss. 520; Sedg. on Dam. [8th ed.] § 814; *F. Nat. Bank* v. *F. Nat. Bank*, 77 N. Y. 320; *Matter of Cornell*, 110 N. Y. 351; *Blot* v. *Boiceau*, 3 N. Y. 78; *Allen* v. *Suydam*, 20 Wend. 321; *Phillips* v. *Rhodes*, 2 Col. App. 548; *Quinn* v. *Van Pelt*, 56 N. Y. 417.) The court erred in charging as to the relations between attorney and client. (*Turnbull* v. *Banks*, 22 App. Div. 508; *Fletcher* v. *Bishop*, 108 N. Y. 25; *Case* v. *Carroll*, 35 N. Y. 385; *Hawkins* v. *Dunmore*, 24 Misc. Rep. 623; *Mason* v. *Ring*, 2 App. Div. 322; *Whitehead* v. *Kennedy*, 69 N. Y. 462; *Matter of Demarest*, 11 App. Div. 156; *N. M. L. Ins. Co.* v. *Nelson*, 103 U. S. 544; *Howland* v. *Blake*, 97 U. S. 624; *Young* v. *Duvale*, 109 U. S. 573.)

*Louis O. Van Doren* and *Hugh L. Reavey* for respondent. The exceptions taken by the defendant are all either immaterial or unsound. (*Barrett* v. *T. A. R. R. Co.*, 45 N. Y. 628; *Bush* v. *O'Brien*, 164 N. Y. 205; *Lytle* v. *Crawford*, 69 App. Div. 273.) There were no errors in the charge and the

trial court rightly disposed of the requests to charge. (*Smedes* v. *Elmendorf*, 3 Johns. 185 ; *Whitehead* v. *Kennedy*, 69 N. Y. 462 ; *Place* v. *Hayward*, 117 N. Y. 487.)

HAIGHT, J.  This action was brought by the plaintiff against his attorney for a breach of contract of retainer, alleging that without authority he settled a claim of $840.66 intrusted to him for collection against the estate of a deceased person, for the sum of $250, which he converted to his own use. The defendant, by his answer, admitted that he was retained to collect said claim and that he began an action for that purpose, but upon obtaining an offer of $250 he submitted the same to the plaintiff, who authorized him to accept it, which he did, the plaintiff executing an assignment and a release of the claim which were acknowledged before an officer authorized to take the acknowledgment of deeds; and that thereupon the defendant paid one-half of the amount to a judgment creditor of the plaintiff pursuant to an order of the court, and that he retained the balance for his services pursuant to a written agreement authorizing him to do so.

Upon the trial the question as to whether the plaintiff rejected or authorized the acceptance of the offer of settlement was sharply litigated, and this question of fact was submitted to the jury, who found a verdict for the plaintiff for the sum of $211.16.

The undisputed facts are that the defendant did settle the claim for $250 ; that he was compelled to pay $125 thereof to a judgment creditor of the plaintiff under an order of the court and that he retained the other $125 for his costs and expenses.

In submitting th case to the jury the court, after giving instructions as to the general duties of attorneys to their clients, charged as follows: "When negligence has been proved, if you find there was any in consequence of which a client has lost his case, it is not incumbent upon the client to show that but for the negligence, he would have succeeded in that action." To this the defendant took an exception. The

plaintiff had neither alleged nor proved the value of the claim that he caused to be presented against the estate of the deceased person nor that it could have been collected beyond the sum of $250 which was received by the defendant in the settlement thereof. The defendant, however, showed that the claim had been rejected by the administratrix; that there was no memorandum in writing to use in proving the claim at the trial, and that the estate of the decedent was insolvent to the extent of over fifty per cent. The plaintiff did not allege negligence on the part of the defendant nor was there any proof given tending to show negligence or want of skill on his part. The charge was a breach of duty in settling the claim without authority and in violation of the instructions of the plaintiff. We think that the charge excepted to was erroneous in that it submitted the case to the jury upon a wrong theory, unsupported by the pleadings or evidence and authorized the adoption of a wrong measure of damages. According to the instruction the plaintiff was not bound to show that his claim against the estate of a deceased person was valid or worth more than the $250 collected thereon. But if the defendant was negligent in settling the claim he was liable for the whole amount of the claim, $840.66, irrespective of the question as to whether the plaintiff had been damaged in that amount or not.

As we have seen, the action was for a willful violation of duty in settling a claim without authority. The measure of damages applicable in such cases may be the same as if the action was based upon negligence. In either case, we think the damages recoverable are those shown to exist, and that the burden of showing the amount of damages suffered rests upon the plaintiff.

In III American and English Encyclopædia of Law (2d ed. p. 391) the rule is stated as follows: "In a suit by a client against an attorney for negligence in conducting the collection of a claim, whereby the debt was lost, the burden rests on the former to allege and prove every fact essential to establish such liability. He must allege and prove that the claim was

turned over to the attorney for collection; that there was a failure to collect, and that this failure was due to the culpable neglect of the attorney, *and that but for such negligence the debt could or would have been collected.*" Again, at page 396, the rule as to unauthorized acts is stated as follows: "An attorney, being without authority to take certain steps in regard to his client's matters, is liable personally for any injury suffered by his client in consequence of his improperly assuming to act where he has no authority. * * * But in these, as in other cases, the client must show that he has suffered actual damage in consequence of the unauthorized acts of his attorney."

In Weeks on Attorneys at Law (2d ed. § 319) the measure of damages is stated to be: "In actions against attorneys for negligence or wrongs, the debt lost and costs sustained through their negligence furnish, when the action can be maintained, the obvious measure of damages, where this measure definitely exists."

In 2 Shearman & Redfield on Negligence (§ 753) it is said: "Where an attorney is chargeable with negligence, an action lies immediately. * * * The damages do not necessarily extend to the nominal amount of the debt lost by the attorney's negligence, but only to the loss actually sustained. * * * The existence of the debt, alleged to have been lost by the attorney's negligence, *must, of course, be proved by competent evidence.*"

In the case of *Stevens* v. *Walker & Dexter* (55 Ill. 151) it was held that an attorney, who assumes to exercise the duty of his office in behalf of another for hire, must be held to employ in his undertaking a reasonable degree of care and skill, and if injury results to the client for the want of such a degree of reasonable care and skill he must respond in damages to *the extent of the injury sustained.*

In *Quinn* v. *Van Pelt* (56 N. Y. 417) it was held that, in an action brought against an attorney for a breach of contract for employment to recover damages, the *onus* is upon the plaintiff " of proving the breach *and the amount of damages,*

*and he can only recover the damages thus proved.*" (See, also, *Russel* v. *Palmer, An Attorney*, 2 Wilson, 325, and the cases cited in the notes to the elementary authorities above cited.)

As we have seen, the only damage shown was the $250, for which the defendant settled. One-half of this amount was paid over to a judgment creditor of the plaintiff under an order of the court. There was still $125 remaining in the hands of the defendant, which he claimed by reason of a written contract giving him one-half of the amount that he should recover in the action. The execution of this contract, however, was a matter in dispute. The most that the plaintiff could have recovered under the evidence, even assuming that every controverted question of fact was found in his favor, was the $125 which the defendant had retained. The verdict, as we have seen, was for $211.16, thus showing that the jury must have been misled by the improper instructions given with reference to the measure of damages.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., O'BRIEN, BARTLETT, VANN and WERNER, JJ., concur; GRAY, J., not voting.

Judgment reversed, etc.