LAMPRECHT v. BIEN.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

ATTORNEY AND CLIENT—ACTIONS FOR NEGLIGENCE—AMOUNT OF DAMAGES—
BURDEN OF PROOF.

In an action against an attorney at law for negligence in prosecuting an action, the burden of proving the actual damage suffered is on plaintiff; and exclusion of evidence showing that plaintiff would have recovered a judgment for a substantial amount but for defendant's negligence was error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 289.]

Action by George H. Lamprecht against Franklin Bien. On motion for new trial on exceptions, order to be heard in the first instance at the Appellate Division. Exceptions sustained, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

John T. Canavan, for plaintiff.

Franklin Bien, for defendant.

CLARKE, J.   This action was brought to recover damages against the defendant, an attorney at law, for his negligence in prosecuting an action at law on behalf of the plaintiff, by reason whereof plaintiff had been deprived of the means of recovering and collecting his said demand.   Upon the trial the plaintiff attempted to prove that he had a cause of action in the original case which the defendant had undertaken to prosecute for him, and but for the defendant's negligence would have recovered a judgment therein for a substantial amount. The trial court excluded the evidence offered to sustain that contention, and dismissed the complaint, stating, "the principal ground on which the motion is granted being that the court did not deem it proper to try in this action the issues of the claim of Lamprecht v. Mohr or the estate"—and directed the exceptions to be heard in the first instance at the Appellate Division.

In Quinn v. Van Pelt, 56 N. Y. 417, Rapallo, J., said:

"In such an action the onus is upon the plaintiff to prove the breach of agreement and the amount of damages sustained by reason thereof, and that she can recover only the damages thus proved. * * * The measure of damages is not the amount of the fee which he received. The damages may be more or less than the amount of the fee, and the burden rests upon the plaintiff to prove them, and not upon the defendant to prove how much of a stipulated fee he actually earned."

In Vooth v. McEachen, 181 N. Y. 28, 73 N. E. 488, the trial court had charged:

"When negligence has been proved, if you find there was any, in consequence of which a client has lost his case, it is not incumbent upon the client to show that but for the negligence he would have succeeded in that action."

The Court of Appeals reversed because of this charge, and, citing text-books and cases, held that the damages recoverable are those shown to exist, and that the burden of showing the amount of damage suffered rests upon the plaintiff.   The plaintiff, therefore, being required to show the actual damage suffered, was deprived of the opportunity to do so by the exclusion of the only evidence available for that purpose.   Such exclusion was error.

It follows, therefore, that the exceptions should be sustained and a new trial ordered, with costs to the plaintiff to abide the event.   All concur.