WILHELMINE SCHMITT, Respondent, v. CLARENCE McMILLAN, Appellant.

First Department, December 29, 1916.

Attorney and client — negligence of attorney in prosecuting claim — pleading — complaint not stating cause of action.

A complaint in an action brought by a client against her attorney to recover damages for his alleged negligence in failing to prosecute diligently a claim against a corporation which subsequently became insolvent does not state a cause of action where it fails to show that the plaintiff had a cause of action on which the defendant, by diligence, could have recovered a judgment, but merely alleges that the defendant was retained to recover a specific sum of money "due from said Company to this plaintiff," that allegation being a mere conclusion of law.

So, too, an allegation that the plaintiff " might" have recovered judgment in case the defendant had prosecuted the action with due diligence is a conclusion of law.

In an action against an attorney at law to recover damages for his negligence in failing diligently to prosecute an action the plaintiff must both allege and prove that but for the negligence of the attorney the claim could or would have been collected, and the complaint must show facts establishing a good cause of action against the person against whom the claim was made.

SCOTT and SMITH, JJ., dissented, with opinion.

APPEAL by the defendant, Clarence McMillan, from an order of the Supreme Court, made at the New York Special Term

and entered in the office of the clerk of the county of New York on the 20th day of May, 1916, denying his motion for judgment on the pleadings consisting of a complaint and answer.

*Charles G. Keutgen,* for the appellant.

*Jacob Braun,* for the respondent.

McLAUGHLIN, J.:

Action by a client against an attorney to recover $2,400 damages alleged to have been sustained by reason of the negligence of the attorney in failing to prosecute diligently a claim against a corporation which subsequently became insolvent.

The complaint alleges, in substance, that the plaintiff in June, 1910, retained the defendant as her attorney to prosecute an action on her behalf against the Rainier Motor Truck Company to recover $2,400 " due from the said Company to this plaintiff " and that defendant undertook to prosecute " the said action " diligently; that the motor company at the time was solvent and able to pay any judgment obtained against it for about three years after defendant was employed; that " defendant might, in case he had prosecuted said action with diligence and skill have obtained final judgment for plaintiff " within two years, but that he negligently failed to bring the action to trial and in the meantime the motor company became insolvent and plaintiff's claim against it is worthless, and that by reason thereof she has been damaged in the sum of $2,400, for which judgment is demanded.

After issue was joined by the service of an answer the defendant moved for judgment on the pleadings. The motion was denied on the ground, as appears from the opinion of the learned justice sitting at Special Term, that " a general averment of negligence in an action against an attorney for negligence, without a statement of specific facts, is good as against a general demurrer." The appeal is from that order.

I am of the opinion that the motion should have been granted on the ground that the complaint does not state facts sufficient to constitute a cause of action. The trouble with the complaint, as it seems to me, is that there are no facts stated from which it can be even inferred that the plaintiff at any time had

a cause of action against the Rainier Motor Company, which, had the defendant proceeded with diligence, would have ripened into a judgment. The only allegations in this respect are that the defendant was "retained and employed" as an attorney "for a compensation to be paid him therefor to prosecute and conduct an action in the Supreme Court for the County of New York on behalf of this plaintiff and against Rainier Motor Truck Company for the recovery of the sum of Twenty-four hundred dollars ($2,400.00) due from the said Company to this plaintiff;" and that "the defendant might, in case he had prosecuted said action with diligence and skill, have obtained final judgment for plaintiff within a period of two years." The allegation that there was due from the motor company to the plaintiff the sum of $2,400 is a conclusion of law. (*Tate* v. *American Woolen Co.*, 114 App. Div. 106; *Sampson* v. *Grand Rapids School Co.*, 55 id. 163.) The other allegation, to the effect that the plaintiff *might* have recovered a judgment, is also a conclusion of law. In an action of this character the plaintiff must allege in his complaint and prove at the trial that but for the negligence of the attorney the plaintiff's claim could or would have been collected. (*Vooth* v. *McEachen*, 181 N. Y. 28; *Lamprecht* v. *Bien*, 125 App. Div. 811.) It being necessary for the plaintiff to allege and prove these facts, it necessarily follows that sufficient facts must be set forth to show that the plaintiff had a good cause of action against whom the claim was asserted. (*Vooth* v. *McEachen, supra;* *Malone* v. *Sherman*, 49 Sup. Ct. Rep. 530; 6 Corpus Juris, 710; 3 Am. & Eng. Ency. of Law [2d ed.], p. 391.)

In the present case there are no statements of fact in the complaint from which it can be seen or even inferred that the plaintiff had a good cause of action against the motor company.

I think the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of such costs.

CLARKE, P. J., and PAGE, J., concurred; SCOTT and SMITH, JJ., dissented.

First Department, December, 1916. [Vol. 175.

SCOTT, J. (dissenting):

I dissent. I think that the complaint is sufficient. It alleges the retainer of defendant, as an attorney, to recover a sum of money claimed to have been due to plaintiff from a debtor whom she names; that defendant so negligently and unskillfully conducted the action upon said claim that the debtor became insolvent before the action was brought to trial and reduced to judgment, and that thereby the plaintiff has been prevented from collecting her claim to her damage. Herein are included, as it seems to me, all of the necessary elements of an action against an attorney for negligence. It is true that the complaint does not state *in extenso* the facts upon which her claim was founded, but this I do not consider necessary in a complaint. Undoubtedly before she can recover judgment the plaintiff must prove both that she had a valid claim against the named debtor, and that but for defendant's negligence she could have recovered it, or some part of it. (*Vooth* v. *McEachen,* 181 N. Y. 28; *Lamprecht* v. *Bien,* 125 App. Div. 811.) None of the cases relied upon by appellant go further than this. In none of them is it held that the allegation of the elements of damage is essential to a complaint in a case like the present, or indeed in any other case wherein unliquidated damages are sought.

In my opinion the order was right and should be affirmed.

SMITH, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to amend on payment of costs.