Desmond, J.
We review the dismissal, for alleged insufficiency of content, of all five of the causes of action pleaded in this amended complaint. Plaintiff is a layman acting for himself. Defendants are patent attorneys. The pleading is inartistically drawn and is indefinite in places. However, our inquiry is as to whether it states in some recognizable form any cause of action known to our law. The applicable rules are those of Condon v. Associated Hosp. Service (287 N. Y. 411, 414): the complaint must stand 441 If in any aspect upon the facts stated the plaintiff is entitled to a recovery ’ * * * The whole of the pleading must be considered * * * [it] is deemed to allege 4 whatever can be implied from its statements by fair and reasonable intendment ’ * * * The question * * * is whether [there] 4 can be fairly gathered from all the averments ’ * * * the requisite allegations of any valid cause of action cognizable by the state courts ”. Section 241 of the Civil Practice Act, which requires that a pleading contain a plain and concise statement, without repetition, of the material facts, is to be read with section 275 of the Civil Practice Act which commands that 4 4 Pleadings must be liberally construed with a view to substantial justice between the parties ”.
We think a fair application of those rules of pleading validates this complaint (except as to the fifth cause of action which, we agree, is merely a restatement of allegations found elsewhere in the pleading). The substance of plaintiff’s allegations, read as a whole, is this: that he, inexperienced in patent law and procedures, retained defendants on two occasions to present for him to the United States Patent Office applications for patents on an invention of his; that defendants presented the applications on which patents were later issued to plaintiff, but that defendants gave plaintiff incorrect legal advice, failed to give him full and accurate information and neglected to make all the 44 claims ” available as to his invention; that defendants did this fraudulently and to benefit competitors of plaintiff, and that by reason of all this plaintiff has suffered large money damages by' being compelled to pay attorney’s fees *57 to others, and because persons other than plaintiff in this and foreign countries have been enabled to use without license from plaintiff parts or features of plaintiff’s invention.
Whether or no plaintiff will be able to establish such allegations is beside the point at this pleading stage. It is sufficient to say that those allegations sufficiently charge negligence, breach of implied contract and constructive fraud (Matter of A. B., 1 Tuck. 247; Execictors of Smedes v. Elmendorf, 3 Johns. 185; Van Wallhoffen v. Newcombe, 10 Hun 236; Byrnes v. Palmer, 18 App. Div. 1, affd. on opinion below 160 N. Y. 699; Cleveland v. Cromwell, 110 App. Div. 82, 128 App. Div. 237; Looff v. Lawton, 97 N. Y. 478; Trimboli v. Kinkel, 226 N. Y. 147; Wille v. Maier, 256 N. Y. 465; Pitcher v. Sutton, 238 App. Div. 291, affd. without opinion 264 N. Y. 638; Werle v. Rumsey, 278 N. Y. 186).
The allegations as to damage are, like the allegations as to fault, somewhat vague but are, we think, sufficient (2 Clark on New York Law of Damages, p. 1318; 3 Carmody-Wait on New York Practice, p. 578; Lamprecht v. Bien, 125 App. Div. 811; Flynn v. Judge, 149 App. Div. 278; Degen v. Steinbrink, 202 App. Div. 477, affd. without opinion 236 N. Y. 669; Quinn v. Van Pelt, 56 N. Y. 417; Vooth v. McEachen, 181 N. Y. 28; Winter v. American Aniline Products, 236 N. Y. 199, 204).
Defendants’ motion below, besides praying for dismissal, asked in the alternative that certain paragraphs be stricken as irrelevant, redundant, etc., and that certain other paragraphs be made more definite and certain. None of this alternative relief was granted at Special Term and the Appellate Division, dismissing the whole complaint, did not have occasion to deal with the alternative requests in defendants’ notice of motion. We cannot pass on those matters and nothing in our decision herein will prevent defendants from moving, if they be so advised, for any available relief by way of bill of particulars, making the complaint more definite and certain, etc.
The judgment appealed from should be modified, with costs in this court and in the Appellate Division, so as to provide for the dismissal of the fifth cause of action only.
Conway, Ch. J., Dye, Fuld and Burke, JJ., concur with Desmond, J.; Van Voorhis, J., dissents and votes to affirm; Froessel, J., taking no part.
*58 Judgment modified, with costs in this court and in the Appellate Division and, as so modified, affirmed, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.