■ VIVIAN C. REYNOLDS, Respondent, v. LOUIS M. PICCIANO, Appellant.— GIBSON, P. J. Appeal from an order of the Supreme Court at Special Term which denied defendant's motion to dismiss for insufficiency a complaint alleging separate causes of action for attorney's malpractice, breach of contract and fraud, all arising out of the defendant's failure to sue, prior to the running of the Statute of Limitations, the plaintiff's negligence cause of action against John B. Bobick, Jr., one of the two motor vehicle operators involved in an accident in which plaintiff sustained personal injuries. Defendant did bring an action, on plaintiff's behalf, against Thomas Reynolds, whom plaintiff subsequently married, he being the driver of the automobile in which plaintiff was riding. Plaintiff asserts that the latter action, which is still upon the calendar, was brought without her authority; and alleges that the accident and her resultant injuries were caused "solely" by Bobick's negligence. The complaint before us alleges, among other things, the facts of the accident, including the specifics of Bobick's negligence, claimed to have been "solely" causative of the accident; it alleges, also, plaintiff's injuries and consequent damage, and plaintiff's passenger status and her freedom from contributory negligence; and alleges further that in the event the defendant had prosecuted an action against Bobick with due diligence and skill, within the time limited therefor by statute, plaintiff would have recovered judgment for $35,000; and that solely by reason of defendant's negligence, failure, delay and lack of skill in the prosecution of such an action, plaintiff has been barred of her remedy against Bobick, to her damage in the sum of $35,000. Clearly, plaintiff has sufficiently alleged "that but for the negligence of the attorney the plaintiff's claim could or would have been collected." (*Schmitt* v. *McMillan,* 175 App. Div. 799, 801; *Vooth* v. *McEachen,* 181 N. Y. 28; *Hamilton* v. *Dannenberg,* 239 App. Div. 155; *Sikora* v. *Steinberg,* 40 Misc 2d 649, affd. 20 A D 2d 852; and see *Matter of Satz,* 12 A D 2d 232.) Clearly, also, she has adequately pleaded, and sufficiently demonstrated for purposes of the pleading, that defendant's failure to sue Bobick was the proximate cause of her loss, for which the proper measure of damage is also pleaded. (*Schmitt* v. *McMillan,* 175 App. Div. 799, *supra*; 3 N. Y. Jur., Attorney and Client 1968 Cum. Supp., § 67.3; 2A Warren, Negligence, § 8, p. 248.) Defendant urges, however, that the "issue of the complaint" is the "merit of the action" against Reynolds and he seems to contend that no cause of action against him — or at least no damage — is demonstrable prior to the termination of the Reynolds action; his argument being that plaintiff has not sustained the "onus" of showing that the Reynolds action is "worthless". Defendant's contentions seem to us completely insubstantial; and certainly so in the frame of this particular pleading, in which the factual allegations with respect to the accident sustain the pleaded conclusion that Bobick's negligence was "solely" causative thereof. A different problem might be presented if plaintiff did not thus narrow the issue. By her own election, she is committed

to the necessity of satisfying the trier of the facts in the action against the attorney that Bobick was negligent and that Reynolds was not. We find nothing extraordinary or unusual in such a situation and perceive no legal barrier to the causes of action pleaded. Order affirmed, with costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.