■ CATHERINE LARSON, Appellant, v THOMAS W. CRUCET et al., Respondents. — Order of the Supreme Court, New York County (Alvin Klein, J.), entered on December 27, 1983, which denied plaintiff's motion to strike defendants' ninth affirmative defense, is affirmed, with costs and disbursements.

The law is well established that in order to succeed in a legal malpractice suit, the plaintiff must demonstrate that he or she would have recovered in the underlying action but for the

negligence of the attorney. (*Parker Chapin Flattan & Klimpl v Daelen Corp.*, 59 AD2d 375; *Schmitt v McMillan*, 175 App Div 799.) In that regard, proof of the collectability of the judgment is part of the plaintiff's affirmative case. (See *Reynolds v Picciano*, 29 AD2d 1012.) The fact that defendant pleaded as a defense that the plaintiff would have been unable to obtain or collect a judgment against the defendants in the underlying personal injury action in no way relieves the plaintiff from its burden in that respect. Concur — Asch, J. P., Silverman, Milonas and Kassal, JJ.