— In a legal malpractice action, plaintiffs appeal from an order of the Supreme Court, Rockland County (Slifkin, J.), dated April 8, 1984, which denied their motion to strike defendants’ first defense.
Order affirmed, with costs.
Defendant attorneys failed to timely commence a personal *615 injury action on behalf of plaintiffs and this action ensued. Defendants’ answer contained a defense which sought to limit any prospective judgment to the amount that would have been collectible from the alleged tort-feasor in the underlying cause of action to recover damages for personal injuries.
The determination of an award of damages requires plaintiffs to establish the injuries suffered and their value (see, Mendoza v Schlossman, 87 AD2d 606, appeal withdrawn 57 NY2d 778). Therefore, in a legal malpractice action, the collectibility of a hypothetical judgment against the underlying tort-feasor is a factor to be considered by the trier of facts (see, Vooth v McEachen, 181 NY 28; Larson v Crucet, 105 AD2d 651; Schmitt v McMillan, 175 App Div 799). Accordingly, Special Term correctly denied plaintiffs’ motion to dismiss the defense. Thompson, J. P., Brown, Weinstein and Eiber, JJ., concur.