■ Wallace King, Respondent-Appellant, v Mark Burkowski, Appellant-Respondent, and John T. Black, Respondent.—Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered July 15, 1988, awarding plaintiff the sum of $75,000, is unanimously affirmed, without costs.

The trial court did not abuse its discretion in refusing to allow defendant Burkowski to testify. A trial court's discretion to reopen a case after a party has rested should be sparingly exercised *(Mulligan v Wetchler,* 39 AD2d 102, 105, *appeal dismissed* 30 NY2d 951). Because defendant Burkowski had an adequate opportunity to testify before his counsel rested, it was not an abuse of discretion for the trial court to refuse him a further opportunity. We have considered defendant Burkowski's arguments concerning other alleged procedural errors by the trial court and find them to be without merit.

Also brought up for review is an order granting defendant Burkowski a new trial on the issue of damages unless plaintiff stipulated to a reduction of the jury's verdict from $100,000 to $75,000. Having so stipulated, plaintiff is not an aggrieved party with standing to cross appeal; nevertheless, the excessiveness of the verdict is reviewable on defendant's main appeal *(McDougald v Garber,* 135 AD2d 80, 87, *mod on other grounds* 73 NY2d 246; CPLR 5501 [a] [5]). Upon such review, we too find that the verdict was excessive in the amount of $25,000. Concur—Murphy, P. J., Sullivan, Kassal, Wallach and Smith, JJ.