Simons, J.
(dissenting). I would reverse and deny the motion to dismiss defendants’ affirmative defense. In my view, the rule adopted by the majority unjustly enriches plaintiffs and unfairly punishes defendants. It permits the clients to recover more from their attorneys in a malpractice action than they could recover if the attorneys had achieved complete success in the underlying action for which they were retained.
Under standard doctrine a successful plaintiff in a malpractice claim may recover from the negligent attorney " 'the loss actually sustained’ ” (Vooth v McEachen, 181 NY 28, 32; Titsworth v Mondo, 95 Misc 2d 233, 244; see generally, Annotation, Measure and Elements of Damages Recoverable for Attorney’s Negligence with Respect to Maintenance or Prosecution of Litigation or Appeal, 45 ALR2d 62). Under any view of the evidence in this case, "the loss actually sustained” by plaintiffs could not exceed $67,000 — the maximum recovery available, less the agreed upon one-third attorney’s fee ($100,000 minus $33,000). Accordingly, the recovery of $67,000 in damages in the malpractice action will make them whole; they should not be permitted to recover more.
Notwithstanding this, the majority holds plaintiffs are entitled to the gross amount of the underlying claim. It bases its decision on public policy, reasoning that clients have the right to discharge the attorney at any time for cause without paying a fee (see, Teichner v W & J Holsteins, 64 NY2d 977, 979) and that they are entitled, therefore, to have the attorney remit the whole amount of the claim as damages, including the agreed-upon fee. They would not only deny the discharged attorney his compensation, as our cases permit, but also augment the client’s recovery by the amount of it though not otherwise a part of plaintiffs’ recovery. They justify this because the attorney has performed no services and, therefore, should not have the benefit of his fee.
The short answer is that there is no $33,000 to be remitted. Defendants have received nothing for handling plaintiffs’ claim and they are not enriched if plaintiffs’ recovery from them is limited to the net recovery possible, $67,000. Defendants are exposed in liability for the full amount available to plaintiff for successful completion of the services but they *48 should not be punished by adding to that sum the amount of an attorney’s fee that plaintiffs are not now and never have been entitled to receive. To do so adds an amount of punitive damages to the claim for simple negligence, contrary to our decisions providing that punitive damages are allowable only when the high threshold of moral culpability is satisfied, cases involving gross or wanton negligence or willful, malicious conduct (see, Giblin v Murphy, 73 NY2d 769, 772; Walker v Sheldon, 10 NY2d 401).
Finally, the majority decision implicitly rests upon the premise that, as a practical matter, if plaintiffs are required to retain attorneys in the malpractice litigation any recovery will be reduced by fees for those attorneys. That is not necessarily true. Plaintiffs do proceed pro se and attorneys do settle malpractice claims to retain goodwill, avoid adverse publicity or out of a sense of moral obligation. The amount that may be claimed in settlement should not exceed the amount available to plaintiffs after successful litigation. The concurring opinion would have a flexible rule to account for such situations but the rule stated is no rule at all because it permits the client to demand damages in excess of the actual loss at the risk of the time and cost of litigation to both parties.
But even if the claims are not settled, under the American rule, accepted in this State, prevailing litigants must pay their own attorney’s fees and disbursements. They cannot recover them from their adversary as consequential damages unless an award is authorized by agreement between the parties, by statute or by court rule (Alyeska Pipeline Co. v Wilderness Socy., 421 US 240, 248; Hooper Assocs. v AGS Computers, 74 NY2d 487, 491; Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5). There is little justification for overriding this established rule by shifting the amount of a contingent attorney’s fee to plaintiffs as if they were in fact part of the value of plaintiffs’ claim. That is precisely what the majority opinion implicitly does and the concurring opinion explicitly advocates. We would not authorize such damages in malpractice suits against other professionals and I am unable to see why they should be allowed in an action against attorneys.
Accordingly, I dissent.
Judges Kaye, Titone and Bellacosa concur with Judge *49 Alexander; Judge KLaye concurs in a separate opinion; Judge Simons dissents and votes to reverse in another opinion in which Chief Judge Wachtler and Judge Hancock, Jr., concur.
Order affirmed, etc.