[720 NYS2d 654]

Kevin C. McKenna et al., Appellants, v Forsyth & Forsyth et al., Respondents. (Appeal No. 4.)

Fourth Department, February 7, 2001

## APPEARANCES OF COUNSEL

*Davidson, Fink, Cook, Kelly,* Rochester (*Paul D. Kelly* of counsel), for appellants.

*Damon & Morey, L. L. P.,* Buffalo (*Michael J. Willett* of counsel), for respondents.

## OPINION OF THE COURT

GREEN, J.

To establish a prima facie case of legal malpractice, the client must show that his or her attorney failed to exercise the degree of skill commonly exercised by an ordinary member of the legal community and that the client sustained damages as a direct result of the attorney's actions (*see, Marshall v Nacht,* 172 AD2d 727, 727-728; *Marquez v Ross Dev.,* 162 AD2d 1011). When the attorney's actions result directly in the loss of a cause of action, "the measure of damages is generally the value of the claim lost" (*Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38, 42). In this appeal, we are called upon to decide whether "the value of the claim lost" is equivalent to the amount the client would have collected had the attorney not been negligent. We hold that, when a cause of action is lost as the result of the attorney's negligence, the client's injury is measured by the amount that would have been collected on that lost cause of action. We further hold that the client bears the burden of proving that amount.

### I

On December 26, 1991, Kevin C. McKenna (plaintiff) was injured when the vehicle he was operating was struck by a vehicle owned and operated by Scott Schoenhardt. Plaintiffs thereafter retained defendants to represent them in connection with the accident. Defendants failed to commence an action prior to the expiration of the Statute of Limitations, and plaintiffs commenced this action for legal malpractice. In their complaint, plaintiffs allege that defendants were negligent in failing to commence an action against Schoenhardt in a timely manner.

Subsequent to the filing of the note of issue in December 1998, the parties moved and cross-moved for various forms of relief. The orders entered on those motions and cross motions defined the issues to be litigated and the procedure to be followed at the trial. Upon renewal of a prior motion, Supreme Court granted summary judgment to plaintiffs on the issue of defendants' liability for malpractice, conditioned upon a finding by the jury that plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the automobile accident. The court denied plaintiffs' motion *in limine* to preclude defendants from calling Schoenhardt as a witness and from introducing evidence of Schoenhardt's ability to pay damages, including evidence of insurance coverage. The court also directed a bifurcated trial. In the first phase the jury was to find liability and damages arising from the automobile accident, and in the second phase it was to find the amount that would have been collectible from Schoenhardt. Finally, the court denied plaintiffs' motion to amend the bill of particulars. In the proposed amendment, plaintiffs allege that defendants' negligence deprived them of an opportunity to bring an action against the manufacturer of plaintiff's vehicle and the dealer that repaired the vehicle, based upon an allegedly defective seatbelt assembly that exacerbated plaintiff's injuries in the accident.

Following the first phase of the trial, the jury found that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) and that he sustained damages in the amount of $535,251.41 as the result of the automobile accident. The jury found that plaintiff's wife was not entitled to any damages on the derivative cause of action. During the second phase of the trial, plaintiffs presented evidence that Schoenhardt had liability insurance on the date of the accident; that he owned a home with a mortgage; and that he had never filed for bankruptcy. Defendants presented evidence that the limit of Schoenhardt's liability coverage at the time of the accident was $50,000. Defendants also presented evidence that Schoenhardt would not be able to pay a judgment of $500,000 and that he would have declared bankruptcy if a judgment in that amount were entered against him. The jury found that plaintiffs would have collected only $50,000, the limit of Schoenhardt's liability insurance coverage, if they had obtained a judgment against Schoenhardt in the amount of the verdict following the first phase of the trial. The court therefore awarded judgment to plaintiffs in the amount of $50,000.

## II

In order to prevail in this action, plaintiffs were required to prove that, but for defendants' negligence, they would have obtained a favorable result in the underlying action against Schoenhardt (*see, Larson v Crucet,* 105 AD2d 651, 651-652). The requirement of "proving a 'case within a case' " (*Kituskie v Corbman,* 552 Pa 275, 281, 714 A2d 1027, 1030) or "a 'lawsuit within a lawsuit' " (*Titsworth v Mondo,* 95 Misc 2d 233, 242) is a distinctive feature of legal malpractice actions arising from an attorney's alleged negligence in preparing or conducting litigation. It adds an additional layer to the element of proximate cause, requiring the jury to find the hypothetical outcome of other litigation before finding the attorney's liability in the litigation before it. Plaintiffs, in effect, were thus required to prosecute "two lawsuits: the malpractice action and the original action that was subject to the malpractice" (2A Warren, Negligence in New York Courts § 13.03 [12] [b], at 197).

In the first phase of the trial, plaintiffs met their burden of establishing that, absent defendants' negligence, they would have succeeded in the underlying action against Schoenhardt. They further established that they would have obtained judgment in the amount of $535,251.41 in that action. Contrary to plaintiffs' contention, however, the necessary elements of the malpractice action had not been fully established at that point. The loss to plaintiff resulting from the automobile accident is distinct from the loss resulting from defendants' failure to commence a timely action. At the end of the first phase of the trial, the evidence established only the amount of damages proximately caused by Schoenhardt's negligence. The amount of damages proximately caused by *defendants'* negligence remained to be proven.

The court properly determined that plaintiffs' damages in the malpractice action are limited to the amount that would have been collectible from Schoenhardt in the underlying litigation. Contrary to plaintiffs' contention, measuring the value of a lost cause of action in terms of the collectibility of a hypothetical judgment obtained on that lost cause of action is not novel. It has long been the rule in New York that damages recoverable in this type of legal malpractice action are limited to the amount that "could or would have been collected" in the underlying action (*Schmitt v McMillan,* 175 App Div 799, 801; *see, Vooth v McEachen,* 181 NY 28, 31-32; *Chiaffi v Wexler, Bergerman & Crucet,* 116 AD2d 614, 615; *Larson v Crucet, supra,* at 652; *Reynolds v Picciano,* 29 AD2d 1012; *Lamprecht*

*v Bien,* 125 App Div 811, 812; *Alva v Hurley, Fox, Selig, Caprari & Kelleher,* 156 Misc 2d 550, 553; *Titsworth v Mondo, supra,* at 242; *Gross v Eannace,* 44 Misc 2d 797, 798; *Leavy v Kramer,* 34 Misc 2d 479, 480; 2A Warren, Negligence in New York Courts, *op. cit.,* at 194-196). The collectibility of a judgment defines the measure of damages in other jurisdictions as well (*see,* Annotation, *Measure and elements of damages recoverable for attorney's negligence in preparing or conducting litigation—twentieth century cases,* 90 ALR4th 1033, 1071-1072).

Limiting damages in a legal malpractice action to the amount of a collectible judgment is consistent with the purpose of compensatory damages, i.e., "to make the injured client whole" (*Campagnola v Mulholland, Minion & Roe, supra,* at 42). The loss sustained by plaintiff as the result of defendants' negligence is the amount he would have collected from Schoenhardt, not the amount the jury awarded after the first phase of the trial. Plaintiff's damages, therefore, are limited to that part of the jury's award that would have been collectible. "To hold otherwise would go beyond the usual purpose of tort law to compensate for loss sustained and would give the client a windfall opportunity to fare better as a result of the lawyer's negligence than he would have fared if the lawyer had exercised reasonable care" (Barry, *Legal Malpractice in Massachusetts: Recent Developments,* 78 Mass L Rev 74, 81-82; *see, Klump v Duffus,* 71 F3d 1368, 1374, *cert denied* 518 US 1004).

The court properly imposed the burden on plaintiff, during the second phase of the trial, to prove the amount that would have been collected from Schoenhardt. Placing the burden of proving collectibility on the client is consistent with the law of this State (*see, Vooth v McEachen, supra,* at 31-32; *Larson v Crucet, supra,* at 651-652; *Schmitt v McMillan, supra,* at 801; *Titsworth v Mondo, supra,* at 242; *Gross v Eannace, supra,* at 798; *Leavy v Kramer, supra,* at 480; *Schweizer v Mulvehill,* 93 F Supp 2d 376, 396 [SD NY]) and the majority of other jurisdictions (*see, Klump v Duffus, supra,* at 1374; *Payne v Lee,* 686 F Supp 677, 678-679, *affd sub nom. Payne v Law Ctr.,* 872 F2d 1027 [Tenn]; *Rodriguez v Sciano,* 18 SW3d 725, 727 [Tex App]; *Allen Decorating v Oxendine,* 225 Ga App 84, 88-89, 483 SE2d 298, 301; *Poly v Moylan,* 423 Mass 141, 148, 667 NE2d 250, 255, *cert denied sub nom. Poly v Cargill,* 519 US 1114; *Little v Matthewson,* 114 NC App 562, 565-566, 442 SE2d 567, 569, *affd* 340 NC 102, 455 SE2d 160; *Fernandes v Barrs,* 641 So 2d 1371, 1375 [Fla App]; *Eno v Watkins,* 229 Neb 855, 857, 429 NW2d 371, 372; *Tilly v Doe,* 49 Wash App 727, 732-733, 746

P2d 323, 326, *review denied* 110 Wash 2d 1022; *Palmieri v Winnick,* 40 Conn Super 144, 482 A2d 1229; *Taylor Oil Co. v Weisensee,* 334 NW2d 27, 29 [SD]; *Kohler v Woollen, Brown & Hawkins,* 15 Ill App 3d 455, 458, 304 NE2d 677, 679). A minority of jurisdictions take the view that (un)collectibility is an affirmative defense that must be pleaded and proved by the attorney (*see, Smith v Haden,* 868 F Supp 1, 2 [D DC]; *Albee Assocs. v Orloff, Lowenbach, Stifelman & Siegel,* 317 NJ Super 211, 223, 721 A2d 750, 756, *certification denied* 161 NJ 147, 735 A2d 572; *Power Constructors v Taylor & Hintze,* 960 P2d 20, 31-32 [Alaska]; *Teodorescu v Bushnell, Gage, Reizen & Byington,* 201 Mich App 260, 267-268, 506 NW2d 275, 278-279, *lv denied* 445 Mich 936, 521 NW2d 607; *Jourdain v Dineen,* 527 A2d 1304, 1306 [Me]; *Kituskie v Corbman, supra,* 552 Pa, at 285, 714 A2d, at 1032; *see generally,* Note, *Legal Malpractice-Collectibility of Damages,* 37 Duq L Rev 521, 531-533).

We decline plaintiffs' invitation to adopt the minority position and thereby depart from settled law in New York. Contrary to the contention of plaintiffs, the majority position is neither unfair nor illogical. As in any negligence action, plaintiff in this legal malpractice action bore the burden of proving, by a preponderance of the evidence, that the defendants' negligence proximately caused his injury (*see, Mortensen v Memorial Hosp.,* 105 AD2d 151, 158). The injury proximately resulting from defendants' negligence is the loss of a collectible judgment against Schoenhardt. "To predicate an award of damages upon both the requirement that a judgment would have been recovered and that it would have been collectible, in whole or in part, requires a showing of causation, in this factual context, that is conceptually no different from that required in negligence cases generally" (Koffler, *Legal Malpractice Damages in a Trial Within a Trial—a Critical Analysis of Unique Concepts: Areas of Unconscionability,* 73 Marq L Rev 40, 52). We therefore agree with the First Department that, where the plaintiff client's cause of action is lost due to the defendant attorney's negligence, "proof of the collectability of the judgment is part of the plaintiff's affirmative case" (*Larson v Crucet, supra,* at 652).

None of plaintiffs' remaining contentions warrants reversal of the judgment or a new trial. The court properly admitted evidence of Schoenhardt's insurance coverage in the second phase of the trial because that evidence was relevant to the issue of collectibility (*see generally, Oltarsh v Aetna Ins. Co.,* 15 NY2d 111, 118; Prince, Richardson on Evidence § 4-614, at 214

[Farrell 11th ed]). The court properly exercised its discretion in permitting defendants to introduce expert testimony with respect to the collectibility of a hypothetical judgment against Schoenhardt (*see generally, De Long v County of Erie,* 60 NY2d 296, 307). The court also properly exercised its discretion in denying plaintiffs' motion to amend the bill of particulars to include allegations regarding the loss of potential claims against the manufacturer and dealer of plaintiff's vehicle. The motion was made five months after the note of issue was filed, more than seven years after the accident and nearly three years after this action was commenced, and plaintiffs made no showing of special or extraordinary circumstances (*see, DeOrdio v Golembieski,* 269 AD2d 861, 862). Finally, because the damages arising from defendants' malpractice are limited to $50,000, plaintiffs' challenges to the jury's verdicts in the first phase of the trial are moot. We have considered plaintiffs' remaining contentions and conclude that they are without merit.

Accordingly, the judgment should be affirmed.

PIGOTT, JR., P. J., HAYES and LAWTON, JJ., concur.

Judgment unanimously affirmed, without costs.