Basile v Law Offs. of Neal Brickman, P.C. (2022 NY Slip Op 06079)

Basile v Law Offs. of Neal Brickman, P.C.

2022 NY Slip Op 06079

Decided on November 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 01, 2022

Before: Gische, J.P., Gesmer, Oing, Kennedy, Scarpulla, JJ. 

Index No. 157431/20 Appeal No. 16562 Case No. 2021-03841 

[*1]Frank Basile, Plaintiff-Respondent,
v
The Law Offices of Neal Brickman, P.C., et al., Defendants-Appellants.

Furman Kornfeld & Brennan LLP, New York (Benjamin M. Oxenburg of counsel), for appellants.
Bradshaw Law Group P.C., New York (Diane Bradshaw of counsel), for respondent.

Order, Supreme Court, New York County (Shawn T. Kelly, J.), entered on or about September 23, 2021, which denied defendants' motion to dismiss plaintiff's third cause of action, for legal malpractice, pursuant to CPLR 3211 (a)(1), (a)(5), and (a)(7), unanimously affirmed, without costs.
The legal malpractice claim may not be barred by the three-year statute of limitations (CPLR 214[6]). Plaintiff contends that the claim was tolled by the continuous representation doctrine based on alleged emails and telephone conversations about collecting on plaintiff's money judgment against the judgment debtor following its entry in 2010, at which time the judgment debtor did not have sufficient assets to satisfy the judgment. Defendants, however, assert that there was no continuous representation because plaintiff had no communication with them concerning collecting on the unsatisfied judgment until August 2019, when the limitations period on the instant claim had expired. These factual contentions concerning whether defendant continued to represent plaintiff during the relevant time period so as to toll the limitations period give rise to factual issues that cannot be resolved in this pre-answer motion to dismiss (see Boesky v Levine, 193 AD3d 403 [1st Dept 2021]; Johnson v Law Off. of Kenneth B. Schwartz, 145 AD3d 608, 612 [1st Dept 2016]).
Furthermore, the complaint's allegations are sufficient to state a cause of action for legal malpractice. Plaintiff alleges that defendants were negligent in not objecting to the judgment debtor's bankruptcy proceeding in 2015, which resulted in a discharge order that barred plaintiff from collecting on his money judgment against her. Defendants argue that they did not breach their duty to plaintiff by not intervening in the bankruptcy proceeding because they did not receive notice of the proceeding. Defendants submit the bankruptcy petition, which, in naming plaintiff as a creditor, included an outdated address for defendants and omitted the name of defendants' law firm or a suite number. These undisputed facts, however, are not sufficient to find as a matter of law that defendants did not breach their duty to plaintiff. Defendants relocated to their new office in September 2014 and the judgment debtor filed her bankruptcy petition in January 2015, three months later. The bankruptcy petition included the name of the attorney who had assisted in plaintiff's underlying action against the judgment debtor. At the very least, a factual issue exists as to whether the notice of the bankruptcy proceeding to object on plaintiff's behalf was forwarded to defendants, which cannot be resolved at this juncture. As to proximate cause, contrary to defendants' contention, proof of the collectability on a judgment is not an essential element of the legal malpractice claim, and arises after the "case within the case" has been proven (Lindenman v Kreitzer, 7 AD3d 30, 35 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 1, 2022